UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA LLC,

    Plaintiff,

    v.                                                                                  Case No. 12-13668
                                                                            Hon. Lawrence P. Zatkoff
JOHN DOES 1–31,

    Defendants.
_____/

## ORDER

This matter is currently before the Court on Plaintiff Malibu Media LLC's Motions for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [dkt 2] and for an Expedited Hearing on the matter [dkt 4].

Plaintiff owns the copyrights to several films that form the basis of this case. On August 19, 2012, Plaintiff filed this copyright infringement suit against the unknown individuals alleging that they unlawfully downloaded Plaintiff's copyrighted films through an internet-based file-sharing network. Plaintiff avers that it did not authorize, permit, or consent to Defendants' copying or distributing of its Works. Malibu Media hired IPP Limited ("IPP"), a third-party forensic investigator, to identify the IP addresses used by the unidentified Defendants to conduct the infringing activity.

In its motion, Malibu Media requests leave to serve discovery requests upon several Internet Service Providers ("ISPs") in order to identify the individual Defendants associated with each IP address used to conduct the alleged infringing activity. Pursuant to Fed. R. Civ. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as

required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The Court, however "may order discovery of any matter relevant to the subject matter involved in the action" if good cause is shown. FED. R. CIV. P. 26(b)(1). In its Complaint, Plaintiff has alleged a prima facie case of copyright infringement and it is clear that Defendants must be identified before this action can move forward. The Court finds that good cause exists for Plaintiff to serve third-party subpoenas on the ISPs in question.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [dkt 2] IS GRANTED.

IT IS FURTHER ORDERED that Plaintiff may immediately serve each of the ISPs with a Rule 45 subpoena that seeks to obtain the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address. Plaintiff shall attach a copy of this Order to each subpoena that it issues. Disclosure of the information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose identifying information of a subscriber when the cable operators are ordered to do so by the Court.

IT IS FURTHER ORDERED that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

IT IS FURTHER ORDERED that in the event an ISP is served with a subpoena, the ISP shall give written notice, which may include e-mail notice, to the subscribers in question within 10 business days of the service of the subpoena. The ISP shall also include a copy of this Order with its written notice. If any of the ISPs and/or Defendants move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 30 days from the date of

service. The ISPs shall preserve any subpoenaed information pending the resolution of a timely filed motion to quash.

    IT IS FURTHER ORDERED that Plaintiff's Motion for Expedited Hearing [dkt 4] is DENIED AS MOOT.

    IT IS SO ORDERED.

Date:   January 30, 2013

<u>s/Lawrence P. Zatkoff</u>
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE
